# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ARLIN DONLEY,<br><br>Plaintiffs<br><br>v.<br><br>CIUMMO & ASSOCIATES, MICHAEL FITZGERALD, and RYAN HICKEY,<br><br>Defendants | CASE NO. 1:18-CV-0244 AWI SAB<br><br>ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND DISMISSING MATTER FOR FAILURE TO STATE A CLAIM<br><br>(Doc. Nos. 1, 2) |

On February 20, 2018, Plaintiff Shawn Donley filed this civil rights lawsuit and a motion to proceed *in forma pauperis*. See Doc. Nos. 1, 2. Donley alleges claims under 42 U.S.C. § 1983 for violations of the Sixth and Fourteenth Amendments against attorneys who represented him in a state criminal proceeding. For the reasons that follow, the motion to proceed *in forma pauperis* will be denied and this case will be dismissed without leave to amend for failure to state a claim.

*Factual Background*

Donley alleges that in a state criminal proceeding in Madera County, he was appointed defense attorney Ryan Hickey of the law firm of Ciummo & Associates. See Doc. No. 1. At sentencing in February 2017, Hickey "initiated a 'conflict' informing the Court they could no longer represent plaintiff based on his boss, [Defendant] Michael Fitzgerald, and firm (Ciummo & Associates) decision arising from allegations in a different matter." Id. Donley alleges that in April 2017, the Superior Court "revoked conflicted counsel proceedings and reinstated Defendants [Hickey, Fitzgerald, and Ciummo & Associates] to represent Plaintiff. This miscarriage of justice is a direct violation of rights." Id. Plaintiff seeks $5 million from Defendants.

*In Forma Pauperis Framework*

District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). If a plaintiff proceeds through § 1915, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). For purposes of § 1915(e)(2)(B)(ii), the same standard for a Rule 12(b)(6) motion is utilized – the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015). "A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). However, the "denial of leave to proceed *in forma pauperis* is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015); see Tripati, 821 F.2d at 1370. If a court denies a motion to proceed *in forma pauperis* because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). Rodriguez, 795 F.3d at 1188.

*Discussion*

To state a claim for relief under § 1983, a plaintiff must plead that (1) the defendants acting under color of state law, (2) deprived him of rights secured by the Constitution or federal statutes. Park v. Thompson, 851 F.3d 910, 918 (9th Cir. 2017); Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). It is well established that public defenders, or attorneys appointed to represent a defendant in a criminal proceeding, do not act under color of state law when acting in their role as an attorney. See Polk County v. Dodson, 454 U.S. 312, 318 (1981); Perkins v. Chatham, 538 F. App'x 550, 551 (5th Cir. 2013); Mouzon v. Byron, 2015 U.S. Dist. LEXIS 54072, *2-*3 (N.D. Cal. Apr. 24, 2015).

Here, there are only § 1983 claims alleged against a court appointed attorney, that attorney's firm, and another attorney within that firm. The allegations show that his court-appointed counsel brought a potential conflict of interest to the attention of the Superior Court, but the Superior Court determined that Defendant Hickey and his firm would continue to represent Donley. See Doc. No. 1. Conflicts of interest based on conduct or prior representation by another attorney within a law firm is possible, and bringing such a conflict of interest issue to the attention of the Court is a lawyerly function. Therefore, the Defendants were not acting under color of state law and cannot be liable under § 1983.[1] See Polk County, 454 U.S. at 318; Perkins, 538 F. App'x at 551; Mouzon, 2015 U.S. Dist. LEXIS 54072 at *2-*3.

The allegations in the Complaint affirmatively show that relief under 42 U.S.C. § 1983 (the only cause of action alleged) is not possible. Because the Court concludes that amendment would be futile, the motion to proceed *in forma pauperis* will be denied and this case will be dismissed without leave to amend. See 28 U.S.C. § 1915(e)(2)(B)(ii); Rodriguez, 795 F.3d at 1188; Minetti, 152 F.3d at 1115; Tripati, 821 F.2d at 1370.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is DENIED;
2. Plaintiff's Complaint is DISMISSED without leave to amend for failure to state a claim; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: February 22, 2018

_____
SENIOR DISTRICT JUDGE

---

[1] Additionally, the Court notes that the Complaint does not actually allege conduct by Defendant Fitzgerald. Rather, it appears that Fitzgerald was the source of the conflict of interest within the Ciummo law firm. Thus, nothing indicates that Fitzgerald acted in any way against Defendant, which is also fatal to the § 1983 claims alleged. See Jones .v Williams, 297 F.3d 930, 934 (9th Cir. 2002).

3